## SCHOTTENFELS v. SOBEL.

District Court, S. D. New York.
Dec. 19, 1939.

854

C. P. Goepel, of New York City, for plaintiff.

Fritz Ziegler, of New York City, (Edward L. Mueller, of New York City,. of counsel), for defendant.

GALSTON, District Judge.

This is a patent infringement suit.

The first patent, No. 1,914,301, was granted to Henry Schottenfels on June 13, 1933 on an application filed May 23, 1932, for a brassiere; and the second to Monroe Schottenfels, No. 2,040,958, on May 19, 1936 on an application filed April 29, 1935, for a connector-device.

The defendant is charged with contributory infringement of Claim 5 of the first patent and with direct infringement of Claim 6 of the second patent. The defenses as to both patents are non-infringement and invalidity.

The defendant is engaged in the business of manufacturing and selling various fastener devices. His products are sold to manufacturers of brassieres, slips, corsets, underwear, garters, hose supporters, sanitary belts and many other articles.

The connector-device is the subject of letters patent No. 2,040,958. The specification states that it is intended for connecting parts of garters, brassieres and other equipment, and one of the objects is to provide a connector of the character described so that when applied it will lie flat-wise against the person of the wearer. The claim in suit reads as follows: "6. In a link coupling, a plate body having walls spaced apart to form a transverse loop-receiving eye open at one end through one edge of the plate for the lateral edgewise reception of a strap, a hooked portion contiguous the edge opening of the plate, connected to one of the walls and extending transversely of the eye towards the other wall, and nodes connected to said walls intermediate the length thereof, extending into said eye and having their extremities in spaced apart relation within the eye, said walls in conjunction with said nodes and hooked portion being adapted to secure the strap in the eye against accidental removal therefrom."

The Henry Schottenfels patent No. 1,914,301 is relied upon as an anticipation. This patent, though for a brassiere, recites that one of the objects of the invention "is the provision of a novel hook or connector by means of which to couple the elastic back straps for free sliding movement, and it is an important characteristic of this hook coupling that it is made flat or substantially so to lie in plan with the straps connected thereby and thus with the connected straps to rest flat-wise- against the back of the wearer." In the embodiment shown the connector or hook coupling is represented as comprising a flat member having two elongated eyes supported by a web. One of the eyes is made so as to be surrounded completely by the material of the flat member, whereas the second eye is made at its lower end. with an opening in communication with the outer space. The patent .states that when the back strap of the brassiere has been inserted in the so-called open eye, "the hump 23' and hook 25 effectually prevent accidental escape of the back strap edgewise through the restricted opening 22".

The provision of multiple nodes as defined in the Monroe Schottenfels patent instead of the single hump shown in the Henry Schottenfels patent hardly rises to the dignity of invention.

The United States patent to Wales, granted September 7, 1886, No. 348,871, for a connection for belts, bands, etc., in the form of the device illustrated in Fig. 3, discloses a connector made of a flat metal plate with an open eye and a closed eye, the open eye having a node and being provided with a hook at the entrance thereof. Wales in his specification recites: "The projecting point e, engaging with said lip would prevent any accidental disengagement thereof." Wales, in Fig. 5, discloses even multiple nodes on opposite walls of the open eye. It would seem that this was a complete anticipation of Claim 6 of the patent No. 2,040,958.

As to patent No. 1,914,301, the charge of contributory infringement is asserted of Claim 5. It reads: "5. In a brassiere,. the combination with connected breast pockets and looplike back straps connected with the pockets, of means for slidably connecting the back straps, comprising a substantially flat coupling member having individual eyes for the respective back straps, at least one of said eyes being open

to provide for the manual detachment of the therewith engaged back strap, and means on the coupling engageable with the back strap to prevent accidental escape of the back strap through the opening."

The defendant is charged with having sold a "flat coupling member having individual eyes on the respective back straps, at least one of said eyes being open for the manual detachment of the therewith engaged back strap, and means on the coupling engageable with the back strap to prevent accidental escape of the back strap through the opening."

It is to be noted that no claim of the patent is for the connector in and of itself. The file history of the patent shows that the application as filed contained three claims directed to the connector, any one of which, for purposes of illustration, will suffice. Claim 6 reads: "6. As an article of manufacture, a sliding hook coupling for straps, comprising a substantially flat member having oppositely disposed eyes therein for receiving the straps to be coupled together, one of the eyes being open at the end thereof for the manual application and removal of a strap, and a hook on the member adjacent the open end, shaped to prevent accidental escape of a strap through the open end."

The Patent Office examiner cited against this claim and the other two connector claims, French patent No. 661,885, and required division as between the claims 1–5, and claims 6, 7 and 8. The applicant thereupon canceled claims 6, 7 and 8, stating: "The foregoing claims, classifiable in Class 24, buckles, buttons, clasps, etc., are removed from this application in order to meet the requirements for division and notice is already given that the subject matter of the technical construction is inserted for presentation in a divisional application."

It does not appear that a divisional application was thereafter filed by Henry Schottenfels, the inventor. The features set forth in claims 6, 7 and 8, and defined in the patent have no patentable novelty over the Wales patent No. 348,871. That patent contains a complete disclosure of a device using a single node with the open slot to prevent accidental disengagement of the strap.

■ The device sold by the defendant is within the construction disclosed both in the Wales patent and in the French patent

No. 661,885, issued March 12, 1929, published July 31, 1929. Thus the defendant was free to manufacture and sell such coupling device, except, of course, if such sale was with knowledge that it would be embodied in an infringing device. There is no such proof in this record; and no proof that any of defendant's customers infringed patent No. 1,914,301.

■■ The complaint will be dismissed on the ground that contributory infringement has not been proved of letters patent No. 1,914,301; and on the ground that patent No. 2,040,958 is invalid.

Submit findings of fact and conclusions of law in conformity with this opinion.